GEORGE H. MCSHANE

*v.*

IMPERIAL TOWERS, INC.

(No. 14309)

Decided June 10, 1980

*William E. Mohler* for appellant.

*Steptoe & Johnson and Otis L. O'Connor,* for appellee.

MILLER, JUSTICE:

Imperial Towers, Inc., appeals a jury verdict rendered in favor of its tenant, George H. McShane, in the amount of $1,239.53. The primary ground of error is the claim that the court erred in holding as a matter of law that under Imperial Towers' lease with McShane, the failure to deliver possession of the premises on April 1, 1976, rendered it liable in damages.

The basic facts are not in substantial dispute. Imperial Towers agreed by a written lease to rent an apartment to McShane for a one-year term commencing April 1, 1976. At the time the lease was negotiated, there was an existing tenant in the apartment, a Mr. Romanach, whose lease was to expire on March 31, 1976. Shortly prior to the expiration of his lease, Mr. Romanach informed Imperial Towers that he would be unable to vacate the apartment by March 31, 1976. Imperial Towers advised McShane of this problem. In April of 1976, Imperial Towers brought suit to evict Mr. Romanach and obtained a court order forcing him to vacate the apartment by the end of April, 1976. Because McShane was compelled to take occupancy a month later than provided for in the lease, he brought suit to recover damages for the temporary rental expenses he had incurred.

Imperial Towers asserted it was not liable for damages on the basis of Section 20 of its written lease with McShane.[1] The trial court, however, ruled as a matter of

1. Section 20 of the lease provided:

"If the LANDLORD is unable to give possession of the demised premises to the TENANTS on the date specified herein for the commencement of the term hereby demised, the TENANTS may, at any time within thirty days after such specified date, notify the LANDLORD in writing of their election to terminate this lease, and upon the receipt of said notice this lease and all rights and obligations of the parties to each other hereunder shall cease, and the TENANTS shall be entitled to receive back from the LAND-

law that this provision was applicable only to a delay in occupancy resulting from the original construction of the apartment building. We do not agree that such a construction of the involved lease section can be made as a matter of law.

We believe there is some ambiguity in Section 20 of the lease. The first paragraph can be interpreted as providing a right to the tenant to terminate the lease if the landlord does not deliver occupancy on the date specified. This paragraph is rather broadly written and can be construed to mean that if for any reason the landlord is unable to give occupancy, the tenant can terminate the lease. The terms "substantially completed and ready for occupancy" which appear in other portions of Section 20 do not necessitate a construction that only if the entire apartment dwelling is under construction is the landlord relieved of his failure to deliver occupancy.

We believe that this lease provision is sufficiently ambiguous that the trial court should have permitted the parties to introduce extrinsic evidence to show the circumstances surrounding the lease. We stated in Syllabus Point 4 of *Watson v. Buckhannon River Coal Co.*, 95 W.Va. 164, 120 S.E. 390 (1923):

---

LORD any sums of money which they have paid hereunder; but unless the TENANTS shall, within said period, give such notice their obligations hereunder shall continue, and they agree to take possession of the leased premises as soon as they are substantially completed and ready for occupancy, provided, however, that the rent herein reserved shall not commence until that time.

"The failure of the LANDLORD to have said premises substantially completed and ready for occupancy, and to tender possession thereof to the TENANTS on the date specified herein for the commencement of the term, shall not extend the term of this lease, nor render the LANDLORD liable to the TENANTS for any loss, damage or injury sustained by reason of the LANDLORD'S failure to tender possession on said date.

"It is understood that the TENANTS may be given possession of the leased premises when same are substantially completed and ready for occupancy, but before the entire building of which they form a part is completed, and there shall be no diminution or abatement of rent by reason of such incomplete condition of any portion of the building, other than the leased premises."

"While the general rule is that the construction of a writing is for the court; yet where the meaning is uncertain and ambiguous, parol evidence is admissible to show the situation of the parties, the surrounding circumstances when the writing was made, and the practical construction given to the contract by the parties themselves either contemporaneously or subsequently. If the parol evidence be not in conflict, the court must construe the writing; but if it be conflicting on a material point necessary to interpretation of the writing, then the question of its meaning should be left to the jury under proper hypothetical instructions."

*Accord, e.g., International Nickel Co. v. Commonwealth Gas Corp.*, 152 W. Va. 296, 163 S.E.2d 677 (1968); *Berkeley County Public Service District v. Vitro Corp. of America,* 152 W.Va. 252, 162 S.E.2d 189 (1968); *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W. Va. 484, 128 S.E.2d 189 (1968); *Central Trust Co. v. Virginia Trust Co.*, 120 W. Va. 23, 32, 197 S.E. 12, 17 (1938); *Uhl v. Ohio River Railroad,* 51 W.Va. 106, 41 S.E. 340 (1902); *see Rhodes v. National Homes Corp.*, ____ W.Va. ____, 263 S.E.2d 84, 87 n. 4 (1980).

Imperial Towers asserts several other errors relating to the conduct of the trial of this case. However, we do not consider them to be of sufficient magnitude to constitute independent grounds for reversal.

We conclude that the trial court erred in holding, as a matter of law, that Section 20 of the lease between Imperial Towers and McShane was not available as a defense to Imperial Towers. We, therefore, reverse the case and remand it for further proceedings.

*Reversed and remanded.*